UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dora Bonilla Rivera and Erick Gonzalez Erazo,<br><br>Plaintiffs,<br><br>-v-<br><br>Avery Cuisine, LLC d/b/a The Rebbe's Choice,<br><br>Defendant. | 2:23-cv-8320<br>(NJC) (JMW) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

On June 5, 2024, Dora Bonilla Rivera ("Bonilla") and Erick Gonzalez Erazo ("Gonzalez," collectively, "Plaintiffs") filed a Motion for Default Judgment against Defendant Avery Cuisine, LLC d/b/a The Rebbe's Choice ("Defendant") (ECF No. 12). On January 15, 2025, Magistrate Judge James M. Wicks issued a Report and Recommendation (the "R&R") recommending that Plaintiffs' Motion for Default Judgment be granted. (R&R, ECF No. 17.) A copy of the R&R was filed electronically on January 15, 2025, (*see id*. at 39), and Plaintiffs served Defendant with a copy of the R&R on January 15, 2025. (ECF No. 18.) The R&R instructed that any objections to the R&R must be submitted in writing to the Clerk of Court within fourteen (14) days of service, i.e., by January 29, 2025. (R&R at 39.)

The date for filing any objections has thus expired, and no party has filed an objection to the R&R. In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016) (citation omitted); *Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Because a motion for default judgment is dispositive, and because no party has filed timely objections to the R&R, I may review the R&R for clear error. *King*, 2016 WL 4595991, at *1. Nevertheless, I reviewed the R&R *de novo* out of an abundance of caution. Having reviewed the motion papers, the applicable law, and the R&R, I adopt the thorough and well-reasoned R&R (ECF No. 17) with the following correction to address an error in the calculation of the statute of limitations period for Plaintiffs' Fair Labor Standards Act ("FLSA") claims.

The R&R correctly found that the statute of limitations for Plaintiffs' FLSA claims is "extended to three years as Defendant's conduct is presumed to be willful," but incorrectly stated that only "Plaintiffs' FLSA claims arising after November 8, 2021 are timely and claims prior to November 8, 2021 [are] untimely." (R&R at 13–14.) November 8, 2021, however, is two, not three, years prior to the date Plaintiffs filed this action. November 8, 2020 is three years prior to the date Plaintiffs filed this action. Accordingly, Plaintiffs' FLSA claims arising after November 8, 2020 are timely, and claims prior to November 8, 2020 are untimely.

The R&R correctly found Plaintiffs' New York Labor Law ("NYLL") claims were timely because the NYLL "imposes a six-year limitation for wage coverage" from the date the employee begins working for the employer and both Plaintiff Bonilla and Plaintiff Gonzalez began working for Defendant "on or about April 1, 2018" and "April 1, 2020," respectively. (*Id.* at 2, 14; *see* N.Y. Lab. L. §§ 198(3), 663(3); *Rodriguez v. Queens Convenience Deli Corp.,* No. 09-cv-1089, 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011).

For the reasons set forth in the R&R, I grant Plaintiffs' Motion for Default Judgment (ECF No. 12) in full.

I award Plaintiff Bonilla the following:

(i) $17,774.10 in unpaid overtime wages under the NYLL;

(ii) Liquidated damages for the unpaid overtime wages under the NYLL in the amount of $17,774.10; and

(iii) Prejudgment interest on the unpaid overtime wages amount of $17,774.10 at the rate of 9% per year for the period from December 9, 2020 through the date of entry of judgment.

I award Plaintiff Gonzalez the following:

(i) Unpaid overtime wages under the NYLL in the amount of $10,414.45;

(ii) Liquidated damages for the unpaid overtime wages under the NYLL in the amount of $10,414.45; and

(iii)   Prejudgment interest on the unpaid overtime wages amount of $10,414.45 at the rate of 9% per year for the period from December 7, 2021 through the date of entry of judgment.

Should Defendant fail to pay any unpaid amount of the judgment ninety days after the judgment has been issued, the unpaid amount shall be subject to a fifteen percent increase penalty, as set forth in NYLL § 198(4).

The Clerk of Court shall enter judgment and close this case.

Dated: Central Islip, New York
February 20, 2025

                                              */s Nusrat J. Choudhury*
                                              NUSRAT J. CHOUDHURY
                                              United States District Judge